# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TORRES ESPARZA, | CV F   07-00556 AWI DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| ROSANNE CAMPBELL, | |
| Respondent. | [Doc. 28] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 27, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED.   This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On July 21, 2008, Petitioner filed timely objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  Petitioner states generally that he objects to the entirety of the Findings and Recommendation.  The only specific objection made is that, "one of the direct consequences of his pleas, was the specificity of how they would be used against him in the future should he reoffend; and that his agreement to such 5-year enhancement was necessary in order to validate the pleas."  However, the "possibility that the defendant will be

1 convicted of another offense in the future and will receive an enhanced sentence based on an
2 instant conviction is not a direct consequence of a guilty plea." United State v. Brownlie, 915
3 F.2d 527, 528 (9th Cir. 1989) (citing United States v. Garrett, 680 F.2d 64, 65-66 (9th Cir.
4 1982)).  Further, Petitioner does not respond to the Magistrate Judge's finding that any claim that
5 the prior pleas were somehow invalid can no longer be challenged since the time for review on
6 those pleas has passed, as per *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 403-04 (2001).
7 Therefore, Petitioner's objections present no grounds for questioning the Magistrate Judge's
8 analysis.

     Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 27, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent; and,
4. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:   August 15, 2008**              /s/ Anthony W. Ishii
                                                          CHIEF UNITED STATES DISTRICT JUDGE